# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

---

Norman A. Mallory,

      Plaintiff,

v.

Express Employment Professionals, and McAfee & Taft,

      Defendants.

Civ. No. 12-1645 (DWF/JJK)

**REPORT AND RECOMMENDATION**

---

Norman A. Mallory, P.O. Box 1041, Winona, MN 55987, *pro se.*

Curtis J. Thomas, Esq., and Elizabeth Scott Wood, Esq., McAfee & Taft; and Margaret Ann Santos, Esq., Johnson & Condon, PA, counsel for Defendants.

---

## INTRODUCTION

This matter is before the Court on Defendant Express Employment Professionals[1] and Defendant McAfee & Taft's Motion to Dismiss (Doc. No. 14). The motion has been referred to this Court for a Report and Recommendation under 28 U.S.C. § 636 and D. Minn. LR 72.1. For the reasons stated below, this Court recommends that Defendants' motion be granted in part and denied in part.

---

[1] Defendants assert that Plaintiff mistakenly named Express Employment Professionals as a Defendant instead of Express Services, Inc., because Express Employment Professionals is not an actual entity but is a d/b/a used by Express Services, Inc. This Court hereinafter refers to this Defendant as "Express" for simplicity.

## BACKGROUND

Express provides temporary labor and staffing services through franchisees located around the United States. Pursuant to franchise agreements, local Express franchisees screen applicants that seek placements in temporary positions through the franchisees' offices. If an applicant is hired, they become an employee of Express. In April 2011, Plaintiff completed an application for employment as a temporary worker with Express. Express concluded that Plaintiff met the basic skills qualifications for the position he applied for and notified him that he could interview with an Express staffing consultant on April 29, 2011. After the interview and a skills-assessment test, Express offered Plaintiff a job conditionally, pending a criminal background check and a check of his employment references. Ultimately, Express did not hire Plaintiff. Express contends that it did not give Plaintiff the job because two of the references Plaintiff provided gave negative feedback.

On August 8, 2011, Plaintiff filed a Charge of Discrimination with the Minnesota Department of Human Rights. In his Charge, he asserted discrimination based on age and race, and he described the discriminatory acts as follows:

> I am 59 year old black male (date of birth 5-27-1952) who attempted to secure employment with the above-named respondent [i.e., Express] in 2011. I had been previously employed by the respondent in 1999. The office I visited was located at 1201 Gilmore Avenue, Winona, Minnesota.

> In April 2011, I completed an application for employment with the respondent. To be considered for employment, I was required to provide my age and race on the application. I provided the information that was requested. On May 5, 2011, a staffing consultant told me she would not hire me or help me look for work because she had received one negative job referral about me and because of my criminal background history.
>
> I believe my age and race were factors in the respondent's actions. I was required to supply my age and race on the employment application. I was told I was being denied employment based on a negative job referral and my criminal history. I had used the same job references for a long time and never had been given a bad referral. In addition, I am aware of a younger white applicant who was hired by the respondent even though he had a similar criminal history and actually spent time in prison.
>
> I therefore allege that the above-named Respondent has discriminated against me in the area of employment on the bases of age and race in violation of Minnesota Statutes, §363A.08 Subd. 2(1) and Subd. 4.

(Doc. No. 17, Decl. of Curtis J. Thomas ("Thomas Decl.") ¶ 2, Ex. 1.) On or about February 21, 2012, the Minnesota Department of Human Rights determined that there was "No Probable Cause to believe that [Express] engaged in an unfair discriminatory practice," and dismissed Plaintiff's Charge. (*See id.* ¶ 3, Ex. 2.) Then, on May 8, 2012, the U.S. Equal Employment Opportunity Commission ("EEOC") adopted the Minnesota Department of Human Rights' findings, issued a dismissal, and provided Plaintiff with a Notice of his rights to sue. (*Id.* ¶ 4, Ex. 3.)

On July 5, 2012, Plaintiff commenced this action by filing a *pro se* Complaint asserting that Defendants Express and McAfee & Taft discriminated

against him because of his race, color, age, and gender. (Doc. No. 1, Compl.) Specifically, Plaintiff alleges that Express' failure to hire him constitutes discrimination under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et. seq.* ("Title VII"), the Age Discrimination in Employment Act of 1967, as amended, 29 U.S.C. §§ 621 *et. seq.* ("ADEA"), and the Americans with Disabilities Act of 1990, as amended, 42 U.S.C. §§ 12101 *et. seq.* ("ADAAA"). In his Complaint, Plaintiff also complains of harassment. The factual allegations in the Complaint[2] are not lengthy and the Court sets them forth below in full:

> Express Employment Professional ("Express") claims I was not considered for hire by Express because two positive references are necessary for me to be eligible for temporary assignments and I only got one positive reference.
>
> Express provided the company names and contact persons at six places where they supposedly told Express that I was not eligible for rehire. As set out in the accompanying Affidavit, after receiving that Answer, I personally tried to contact each of these people in person or by phone. I could not reach Steve Runkle of the Minnesota Department of Employment, or Steve Tuscic of Behrens. All four of the other people I contacted confirmed to me they had not told Express that I was ineligible for rehire. Three of them – Bob with Salvation Army, Mary Hoffman at Experience Works, and Chantell at TDI – confirmed to me I was eligible for rehire, and would not have told Express the opposite.

---

[2]   In his Complaint, Plaintiff stated "See enclosed" for a description of facts that support his claim. (Doc. No. 1, Compl. at 5.) Attached to his Complaint is a letter from Plaintiff stating, "Please accept this as my Court Complaint." (Doc. No. 1, June 1, 2012 letter.) Due to the liberal pleading standard for *pro se* plaintiffs, this Court will consider Plaintiff's letter incorporated into the Complaint. Therefore, all the facts alleged in the Complaint and Plaintiff's letter will be assumed as true for the purposes of this motion.

4

> I believe that Express incorrectly recorded that I was not eligible for rehire as a pretext to refuse to hire me because of my race, or my age, or both.
>
> I am a good employee, and work hard and honestly. I have a CDL – license to drive a semi tractor-trailer, and other heavy vehicles, including a hazardous material endorsement. You cannot get or keep such credentials without good personnel and employment records. I urge you to accept my discrimination charge, and take steps to move it forward.

(Doc. No. 1, Letter from Norman A. Mallory to Whom it May Concern (June 1, 2012).)

On September 19, 2012, Defendants filed a Motion to Dismiss. (Doc. No. 14.) Plaintiff did not file a written response to the motion in accordance with the Local Rules timing requirements. On November 9, 2012, this Court held a hearing on the matter. Defendants' counsel and Plaintiff appeared at the hearing. At that hearing, this Court provided Plaintiff with additional time to file any affidavits or documents in opposition to Defendants' motion.

## DISCUSSION

**I.      Standard of Review**

In deciding a motion to dismiss for failure to state a claim upon which relief can be granted under Rule 12(b)(6) of the Federal Rules of Civil Procedure, the Court must accept as true all factual allegations in the complaint and view them in the light most favorable to the plaintiff. *Schaller Tel. Co. v. Golden Sky Sys., Inc.*, 298 F.3d 736, 740 (8th Cir. 2002). In doing so, however, a court need not accept

5

as true wholly conclusory allegations, *Hanten v. Sch. Dist. of Riverview Gardens*, 183 F.3d 799, 805 (8th Cir. 1999), or legal conclusions drawn by the pleader from the facts alleged. *Westcott v. City of Omaha*, 901 F.2d 1486, 1488 (8th Cir. 1990). A court may consider the complaint, matters of public record, orders, materials embraced by the complaint, and exhibits attached to the complaint in deciding a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure. *Porous Media Corp. v. Pall Corp.*, 186 F.3d 1077, 1079 (8th Cir. 1999). Here, Plaintiff's Charge filed with the Minnesota Human Rights Commission is a public record. *See Blakley v. Schlumberger Tech. Corp.*, 648 F.3d 921, 931 (8th Cir. 2011) (stating that the court has "held that an EEOC charge is a part of the public record and may be considered on a motion to dismiss") (citing *Faibisch v. Univ. of Minn.*, 304 F.3d 797, 802–03 (8th Cir. 2002)).

To survive a motion to dismiss, a complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Although a complaint need not contain "detailed factual allegations," it must contain facts with enough specificity "to raise a right to relief above the speculative level." *Id.* at 555. This standard "calls for enough fact[s] to raise a reasonable expectation that discovery will reveal evidence of [the claim]." *Id.* at 545. Whether a complaint states a claim is a question of law. *Morton v. Becker*, 793 F.2d 185, 187 (8th Cir. 1986).

In addition, this court notes that *pro se* complaints are held to less stringent

standards than formal pleadings drafted by lawyers. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam). However, even a *pro se* complaint must allege facts, and not just bare, unsupported legal conclusions. *Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985) ("Although it is to be liberally construed, a *pro se* complaint must contain specific facts supporting its conclusions.").

## II. Analysis

### A. Claims Against McAfee & Taft

Plaintiff's claims against McAfee & Taft should be dismissed for two reasons. First, Plaintiff failed to exhaust his administrative remedies as to his claims against McAfee & Taft because Plaintiff neither listed McAfee & Taft as a Respondent on the Charge of Discrimination he filed with the Minnesota Department of Human Services, nor did he state any facts related to McAfee & Taft or allege that McAfee & Taft discriminated against Plaintiff in the Charge. *See*, *e.g.*, *Alexander v. Gardner-Denver Co.*, 415 U.S. 36, 47 (1974) (providing the procedure a complaining party must follow prior to filing a lawsuit under Title VII in federal court); *Williams v. Little Rock Mun. Water Works*, 21 F.3d 218, 222 (8th Cir. 1994) (same); *Shelton v. The Boeing Co.*, 399 F.3d 909, 912 (8th Cir. 2005) (same with regard to an ADEA case); *see also* 29 U.S.C. § 626 (d)(1) ("No civil action may be commenced by an individual under this section [of the ADEA] until 60 days after a charge alleging unlawful discrimination has been filed with the Equal Employment Opportunity Commission."). The Eighth Circuit has

7

explained the exhaustion requirement as follows:

> A plaintiff may seek relief for any discrimination that grows out of or is like or reasonably related to the substance of the allegations in the administrative charge . . . . To determine whether an allegedly discriminatory action falls within the scope of a claim, the administrative complaint must be construed liberally in order to further the remedial purposes of applicable legislation . . . . Allowing a complaint to encompass allegations outside the ambit of the predicate EEOC charge would circumscribe the EEOC's investigatory and conciliatory role, as well as deprive the charged party of notice of the charge, as surely as would an initial failure to file a timely EEOC charge . . . . *Therefore, the breadth of the civil suit is . . . as broad as the scope of any investigation that reasonably could have been expected to result from the initial charge of discrimination.*

*Dorsey v. Pinnacle Automation Co.*, 278 F.3d 830, 838 (8th Cir. 2002) (emphasis added) (citations and internal quotations omitted). The purpose of this process is to allow the EEOC an opportunity to correct alleged discrimination through a more informal process, and it also functions to provide the employer notice of the claim. *Kloos v. Carter-Day Co.*, 799 F.2d 397, 400 (8th Cir. 1986). Here, Plaintiff provided no notice to McAfee & Taft that he asserted a Charge of Discrimination against it because he did not name it in the Charge.

Second, even if Plaintiff had exhausted his administrative remedies on his claims against McAfee & Taft, those claims should still be dismissed because Plaintiff alleges no facts in his Complaint related to McAfee & Taft. He does not allege that McAfee & Taft discriminated against him, had anything to do with Express' decision not to hire him, or that McAfee & Taft was ever his potential

8

employer. He only lists McAfee & Taft as Defendant No. 2 in his Complaint. This is not enough to state a plausible claim to relief. *See Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) ("To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"). Accordingly, all claims against McAfee & Taft should be dismissed.

**B.      Claims Against Express**

**i.      Failure to Exhaust Administrative Remedies as to Discrimination Claim Based on Disability or Gender**

As stated above, a plaintiff seeking to assert a claim of discrimination must exhaust his administrative remedies prior to bringing suit. This includes claims for discrimination based on disability or gender. *See, e.g.*, *St. Martin v. City of Saint Paul*, 788 F. Supp. 2d 928, 931 n.1 & 2 (D. Minn. 2011) (noting that Plaintiff's failure to list a particular instance of alleged disability discrimination in charge precluded suit on that factual basis); *Tyler v. Univ. of Ark. Bd. of Trustees*, 628 F.3d 980, 989 (8th Cir. 2011) (affirming dismissal of gender discrimination claim for failure to exhaust administrative remedies). Here, Plaintiff's Charge of Discrimination makes no reference to his alleged disability, nor does it state any facts that support discrimination based on gender. Simply stating that he is a 59-year old male is not enough. *See Hawks v. J.P. Morgan Chase* Bank, 591 F.3d 1043, 1049 (8th Cir. 2010) (finding plaintiff failed to plead facts sufficient to state

9

a claim for gender discrimination when he pleaded only that he "is a Caucasion male who was treated differently from other employees at Defendant" and that he "was subjected to hostility that other male employees and female employees did not receive").

Further, Plaintiff specifically stated in the Charge of Discrimination that the discrimination was because of "Age and Race," not because of gender or disability. *See Pointer v. Mo. Dept. of Corr.*, 105 Fed. App'x 120, 121 (8th Cir. 2004) ("Although charges of discrimination filed by *pro se* litigants are to be liberally construed, such liberality does not permit the consideration of a claim that was simply never raised."); *see also Wesley v. Crothall Servs. Grp.*, No. 4:09CV00891 SWW, 2010 WL 5576181, at *3 (E.D. Ark. Dec. 29, 2010) (concluding that because the EEOC charge made no mention of gender or race discrimination, the court could not say that the scope of the administrative investigation resulting from the charge reasonably could have been expected to include such claims; therefore, the court dismissed the claims for failure to exhaust administrative remedies).

Plaintiff's gender or disability discrimination claims are not "like or reasonably related" to his Charge of race or age discrimination. *See Parisi v. Boeing Co.*, 400 F.3d 583, 585 (8th Cir. 2005) ("The claims of employment discrimination in the complaint may be as broad as the scope of the EEOC investigation which reasonably could be expected to result from the

administrative charge."). If the administrative charge and the compliant allege discrimination based on different immutable characteristics, the claims are not reasonably related. *See Sallis v. Univ. of Minn.*, 322 F. Supp. 2d 999, 1004 n.1 (D. Minn. 2004) ("Age and race are distinct protected categories and the exhaustion of remedies with regard to one does not create a right to sue for the other."), *aff'd*, 408 F.3d 470 (8th Cir. 2005). And "[a]lthough charges of discrimination filed by pro se litigants are to be liberally construed, such liberality does not permit the consideration of a claim that was simply never raised." *Pointer*, 105 Fed. App'x at 121. Therefore, this Court concludes that Plaintiff has not exhausted his administrative remedies as to his discrimination claims based on gender or disability, and these claims should be dismissed.[3]

---

[3] This Court notes that Plaintiff did not allege any facts in his Complaint to support discrimination claims based on gender or disability either. The only allegations in Plaintiff's Complaint referencing claims for disability or gender discrimination are the boxes that he checked indicating that his lawsuit is based on Title VII and the ADAAA. Plaintiff later checked the boxes indicating that he believed he was discriminated against because of his race, color, gender, and age, but he did not check the box indicating he was discriminated against because of disability. In the letter he attached that was supposed to provide the basic facts supporting his claim, he references nothing about a disability and states no facts to support a gender discrimination claim. In fact, he states that he believes "Express incorrectly recorded that [he] was not eligible for rehire as a pretext to refuse to hire [him] because of [his] race, or [his] age, or both." Again, he does not mention gender or disability. Thus, even if Plaintiff had exhausted his administrative remedies on those claims, this Court, based on the Complaint as filed, would still recommend dismissing those claims for failure to state a claim.

### ii. Whether the Complaint States a Plausible Claim of Discrimination Based on Race, Color, and Age

It is undisputed that Plaintiff exhausted his administrative remedies as to his discrimination claim based on race, color, and age against Express. Defendants, however, contend that Plaintiff has not stated a plausible claim for relief in his Complaint for discrimination based on race, color, or age. As an initial matter, as stated above, the Court is mindful that a *pro se* complaint is to be liberally construed. See *Martin*, 780 F.2d at 1337.

In Plaintiff's Charge of Discrimination, Plaintiff alleges that a white applicant with a similar criminal history and time spent in prison was hired while he was not. Neither in his Charge nor in his Complaint does Plaintiff allege that this white applicant also failed to have two positive references yet was still hired. Because Plaintiff has not alleged these facts, which would support a finding that the other applicant was similarly situated to Plaintiff, Defendants assert that Plaintiff has not pleaded a right to relief above the speculative level.

In addition, Defendants contend that the allegations that are in Plaintiff's Complaint—that because three previous employers confirmed to him that he was eligible for re-hire, Express' reasons for not hiring him was a pretext—are conclusory. Defendants argue that Plaintiff's Complaint should be dismissed because Plaintiff has not pleaded any facts to show causation, including any specific allegations naming which representatives knew of his race, age, or both,

12

or facts demonstrating a causal connection between his race or his age, or both, and Express' decision not to hire him.

Title VII forbids an employer to "fail or refuse to hire . . . any individual . . . because of such individual's race [or] color . . . ." 42 U.S.C. § 2000e-2. To establish a prima facie case of race or color discrimination for a failure-to-hire claim, a plaintiff must establish the following four elements:

> (1) he was a member of a protected class; (2) he was qualified for the position for which the employer was accepting applications; (3) he was denied the position; and (4) the employer hired someone from outside the protected class.

*Sanders v. Johnson Bros. Liquors, Inc.*, No. 05-686 (DWF/AJB), 2006 WL 3081050, at *3 (D. Minn. Oct. 27, 2006) (quoting *Arraleh v. Cnty. of Ramsey*, 461 F.3d 967, 975 (8th Cir. 2006)). In addition, the ADEA makes it "unlawful for an employer . . . to fail or refuse to hire . . . any individual . . . because of such individual's age." 29 U.S.C. § 623(a)(1).

> In a failure-to-hire case, the prima facie case of age discrimination consists of four elements: "(1) the plaintiff was in the protected age group (over 40), (2) the plaintiff was otherwise qualified for the position, (3) the plaintiff was not hired, and (4) the employer hired a younger person to fill the position."

*Christensen v. Titan Distr., Inc.*, 481 F.3d 1085, 1095 (8th Cir. 2007) (quoting *Chambers v. Metro. Prop. & Cas. Ins. Co.*, 351 F.3d 848, 856 (8th Cir. 2003)); see also *McDonald v. Overnite Express*, Civil No. 08-5069 (JNE/JSM), 2009 WL 3517976, at *6 (D. Minn. Oct. 26, 2009) (listing elements of an ADEA claim).

Although *Twombly* retired the no-set-of-facts pleading standard traditionally applied on a motion to dismiss, 550 U.S. at 563, this did not change the fact that a Title VII complaint need not allege facts sufficient to make out a classic *McDonnel Douglas prima facie* case; rather, such a complaint need only state a claim for discrimination, which is contrary to what Defendant is asserting should have been pleaded here. *See Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 513 (2002) (stating that a complaint in an employment discrimination lawsuit need not contain specific facts establishing a *prima facie* case of discrimination under the framework set forth in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973)); *see also Ring v. First Interstate Mortg., Inc.*, 984 F.2d 924, 926 (8th Cir. 1993) (stating that "an evidentiary standard [i.e., the prima facie case] is not a proper measure of whether a complaint fails to state a claim"); *Njaka v. Wright Cnty.*, 560 F. Supp. 2d 746, 751 (D. Minn. 2008) (citing *Swierkiewicz* in the context of a motion to dismiss a claim under 42 U.S.C. § 1983 claim for the proposition that "a plaintiff need not even plead a *prima facie* case"). Thus, a complaint that alleges that the plaintiff belongs to a protected class, was qualified for a particular position, and was denied the position, and that someone from outside the protected class was hired, would be sufficient to survive a motion to dismiss.

Here, for purposes of this motion, this Court must accept Plaintiff's factual allegations in his Complaint and in his Charge as true. This Court can glean from Plaintiff's Complaint, his Charge, and the Minnesota Department of Human

Rights' response to his Charge that Plaintiff is a black male who was born in 1952 and who was a qualified applicant for the temporary worker with Express, as Express concluded that Plaintiff met the basic skills qualifications for the position he applied and invited him to interview with an Express staffing consultant. According to Plaintiff, he was required to provide his age and race on the application. Plaintiff was ultimately not given the position. And, per Plaintiff's allegations, a younger white applicant was hired by Express. Plaintiff also alleges that all of his references that he contacted confirmed that they had not told Express that he was ineligible for rehire, and three of them confirmed that Plaintiff was eligible for rehire; these allegations make it reasonable to infer that Express' stated reason for not giving Plaintiff the job (because not enough of Plaintiff's references provided positive references) was a pretext for refusing to hire him based on his race or age, or both. Thus, based on all of these allegations, it is reasonable to infer that Plaintiff is alleging that a younger white individual received favorable treatment in the application process for the temporary position he sought, and that this favorable treatment may have been connected to and resulted from intentional discrimination on the basis of race/color or age. *Cf. Bare v. NPC Int'l, Inc.*, Civil No. 09-2092, 2009 WL 4898317, at *2 (W.D. Ark. Dec. 14, 2009) (concluding that an African American employee of a pizza store stated a claim sufficient to survive a motion to dismiss where the allegations suggested that similarly situated employees outside the protected group were treated

15

differently and thus "create[d] an inference that her termination may have been connected to, and resulted from, intentional race discrimination"); *see also Okonkwo v. Extendicare Homes, Inc.*, No. 05-2885 (DWF/RLE), 2006 WL 3498404, at *4 (D. Minn. Dec. 5, 2006) (explaining that "the standard for determining whether employees are similarly situated at the prima facie stage is a 'low threshold'"); *cf. Liburd v. Bronx Lebanon Hosp. Ctr.*, No. 07 Civ. 11316(HB), 2008 WL 3861352, at *5 (S.D.N.Y. Aug. 19, 2008) (reasoning that a female's sex-discrimination complaint should be dismissed because it did not allege that any male employees were given preferential treatment).

Taken in connection with Plaintiff's Charge of Discrimination, which is embraced by the pleadings here, Plaintiff's Complaint therefore adequately explains the relevant time period, the actors involved, the position he sought, the application he submitted, and the factors upon which he intends to base his race, color, and age-discrimination claims. Thus, Plaintiff has at least pleaded sufficient facts to support an inference that he was not hired because of his race, color, and or age, and his allegations are sufficient to provide Defendant with notice of Plaintiff's race, color, and age-discrimination claims so that it may begin preparing a defense. *See Braden v. Wal-Mart Stores, Inc.*, 588 F.3d 585, 595 (8th Cir. 2009) (noting that under *Twombly* and *Iqbal* "it is sufficient for a plaintiff to plead facts indirectly showing unlawful behavior, so long as the facts pled give the defendant fair notice of what the claim is and the grounds upon which it

rests") (internal quotations omitted).[4]  Therefore, given the liberal pleading standards afforded *pro se* plaintiffs, this Court concludes that Defendants' motion to dismiss Plaintiff's race, color, and age-discrimination claims should be denied.

### iii.   Whether the Complaint States a Plausible Claim of Harassment

In Plaintiff's Complaint, when indicating the conduct that he complains of in this lawsuit, in addition to checking the box for "Failure to hire me," he also checked the box "Harassment."  (Doc. No. 1, Compl. 4.)  Defendants contend that this claim should be dismissed for failure to state any facts that would plausibly support such a claim.  Defendants also contend that because Plaintiff failed to allege discrimination based on harassment in his Charge of Discrimination, he failed to exhaust his administrative remedies with respect to his claim.  This Court agrees.

A plaintiff "may seek relief for any discrimination that grows out of or is like or reasonably related to the substance of the allegations in the administrative charge."  *Nichols v. Am. Nat'l Ins. Co.*, 154 F.3d 875, 887 (8th Cir. 1998).  To determine whether an allegedly discriminatory action falls within the scope of a claim, the administrative complaint must be construed liberally in order to further

---

[4]   The Court notes, however, that although the sparse allegations in Plaintiff's Complaint do raise questions about the long-term viability of Plaintiff's claims, "[t]he issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims."  *Scheuer v. Rhodes*,
(Footnote Continued on Next Page)

the remedial purposes of applicable legislation. *Cobb v. Stringer*, 850 F.2d 356, 359 (8th Cir. 1988). "Allowing a complaint to encompass allegations outside the ambit of the predicate EEOC charge would circumscribe the EEOC's investigatory and conciliatory role, as well as deprive the charged party of notice of the charge, as surely as would an initial failure to file a timely EEOC charge." *Williams*, 21 F.3d at 223 (quotations omitted). Therefore, "[t]he breadth of the civil suit is . . . as broad as the scope of any investigation that reasonably could have been expected to result from the initial charge of discrimination." *Stuart v. General Motors*, 217 F.3d 621, 631 (8th Cir. 2000).

In this case, Plaintiff's claims for race, color, and age discrimination based on the failure to hire presented in his Charge are not broad enough to encompass a harassment claim. *See Tart v. Hill Behan Lumber Co.*, 31 F.3d 668, 671 (8th Cir. 1994) (holding that harassment claims were not like or reasonably related to plaintiff's discriminatory discharge claim alleged in the charge of discrimination). The decision not to hire Plaintiff was a discrete event completed at the time of the hiring decision. In addition, "a claim of racial harassment in the workplace [for example,] focuses on the pervasiveness of the racially discriminatory conduct and also the employer's possible knowledge of that conduct and failure to take remedial action." *Id.* at 672. Therefore, Plaintiff has not satisfied Title VII's

---

(Footnote Continued from Previous Page)
416 U.S. 232, 236 (1974).

exhaustion requirements and his Title VII harassment claim should be dismissed. *See Dorsey*, 278 F.3d at 838–39 (8th Cir. 2002) (concluding that the promotions at issue were not like or reasonably related to the appellants allegations of the harassment that occurred throughout their employment).[5]

## RECOMMENDATION

Based on the foregoing and all of the files, records, and proceedings herein, **IT IS HEREBY RECOMMENDED** that:

1. Defendants' Motion to Dismiss (Doc. No. 14), be **GRANTED IN PART** and **DENIED IN PART** as follows: that the motion be **GRANTED** with respect to Plaintiff's claims against McAfee & Taft, Plaintiff's gender and disability discrimination claims against Express, and Plaintiff's harassment claim against

---

[5] Under the Minnesota Human Rights Act ("MHRA"), there is no requirement that an administrative charge of discrimination be filed before filing a civil action. *See* Minn. Stat. § 363A.28, subd. 3. Thus, the impediment to Plaintiff's Title VII harassment claim would not be present with respect to a harassment claim under the MHRA. This Court notes, however, that nowhere does Plaintiff indicate that he is alleging a harassment claim under the Minnesota Human Rights Act. And even if the Court were to construe Plaintiff's Complaint so liberally as to encompass a MHRA harassment claim, this Court would recommend to dismiss that claim because Plaintiff has not stated any allegations that would serve as the basis for a harassment claim. (This also serves as an additional reason to dismiss the Title VII harassment claim.) In fact, neither Plaintiff's Complaint nor Plaintiff's Charge even hint at any conduct that would suggest that a claim for harassment is being alleged. Accordingly, any harassment claim purportedly alleged under the MHRA should be dismissed.

Express, and that the motion be **DENIED** with respect to Plaintiff's race, color, and age discrimination claims against Express; and

2. The Clerk's Office be directed to amend the caption in this case so that Defendant Express Employment Professionals be changed to Express Services, Inc., d/b/a Express Employment Professionals.

Date: November 19, 2012   *s/ Jeffrey J. Keyes*
JEFFREY J. KEYES
United States Magistrate Judge

Under Local Rule 72.2(b) any party may object to this Report and Recommendation by filing with the Clerk of Court, and serving all parties by **December 3, 2012**, a writing which specifically identifies those portions of this Report to which objections are made and the basis of those objections. Failure to comply with this procedure may operate as a forfeiture of the objecting party's right to seek review in the Court of Appeals. A party may respond to the objecting party's brief within **fourteen days** after service thereof. All briefs filed under this rule shall be limited to 3500 words. A judge shall make a de novo determination of those portions of the Report to which objection is made. This Report and Recommendation does not constitute an order or judgment of the District Court, and it is therefore not appealable directly to the Circuit Court of Appeals.

Unless the parties stipulate that the District Court is not required by 28 U.S.C. § 636 to review a transcript of the hearing in order to resolve all objections made to this Report and Recommendation, the party making the objections shall timely order and file a complete transcript of the hearing within **ten days** of receipt of the Report.